43990. SOUTHERN RAILWAY COMPANY v. ALLEN.

ARGUED OCTOBER 9, 1968—DECIDED NOVEMBER 12, 1968.

Robinson, Thompson, Buice & Harben, Emory F. Robinson, for appellant.

Jack C. Bell, Robert E. Andrews, for appellee.

DEEN, Judge. ■ *Code* § 38-406 states: "The admissions by an agent or attorney in fact, during the existence, and in pursuance of his agency, shall be admissible against the principal." *Code* § 4-315 states: "The agent shall be a competent witness either for or against his principal. His interest shall go to his credit. The declarations of the agent as to the business transacted by him shall not be admissible against his principal, unless they were a part of the negotiation, and constituting the res gestae, or else the agent is dead." The Code sections must be construed together, and the second effectively limits the scope of the first. See Green, Georgia Law of Evidence, § 257. Following this narrow construction it was held in *Augusta Coach Co. v. Lee,* 115 Ga. App. 511 (154 SE2d 689) that the statement by the driver of the defendant's bus that the plaintiff stopped at a red light and the driver was unable to stop before hitting it, made to a police officer who arrived shortly thereafter to investigate the collision, was hearsay. Testimony here by a police officer included the statement that he arrived at the scene ten minutes after the collision and in the course of the investigation talked with the engineer who told him that he was traveling north and entered the intersection at 60 miles per hour. This was objected to on the grounds that it was hearsay and that it was a declaration of an agent speaking beyond the the scope of his authority and prejudicial to the defendant. A statement by an employee to a law enforcement officer made in the course of investigation 15 or 20 minutes after a collision was held inadmissible as against the defendant employer. *Allgood v. Dalton Brick &c. Corp.,* 81 Ga. App. 189 (2) (58 SE2d 522). Since the engineer here remained in the engine, which stopped some distance from the point of collision, it is evident that this statement like the one in *Allgood* was made at least as long after the collision as a narrative of past events rather than as part of the

res gestae, and it could not be admitted on that theory. That an admission on the part of the agent which has the effect of imputing negligence to the principal when not coming within one of the stated exceptions and not made by authority of the principal is error, see also *Bazemore v. MacDougald Constr. Co.*, 85 Ga. App. 107 (2a) (68 SE2d 163); *Central of Ga. R. Co. v. Americus Constr. Co.*, 133 Ga. 392 (4) (65 SE 855). Could the engineer be considered the alter ego of the corporation so as to make the statement admissible under *Krogg v. Atlanta & W. P. R.*, 77 Ga. 202 (4 ASR 77)? The engineer is the person who best knows at what speed he is traveling, and such a construction would seem logical except that it is foreclosed by the *Lee* case, supra. Was it, although error, rendered harmless by reason of the fact that substantially the same evidence was introduced by plaintiff's counsel on cross examination? The police officer was asked whether "Lathem and Reidling told you about that sixty miles an hour" and the answer was, "No, that was the statement from the engineer." The rule that after a party has unsuccessfully objected to the admission of evidence he must waive his objection if then, faced by the hard fact that it is before the jury, he attempts to weaken its effect by a cross examination of the same witness, often gives counsel a Hobsen's choice at best. The rule is applied where, even if the offending testimony were removed, the same fact would remain in the record through other testimony. See *Fluker v. State*, 184 Ga. 809 (4) (193 SE 749); *McCowen v. McCord*, 49 Ga. App. 358 (6) (175 SE 593). In the present case, if the testimony objected to on direct examination is deleted, the statement made on cross examination has no meaning whatever, and is therefore not "substantially the same" as the testimony objected to.

While it is undisputed that the engineer was exceeding the 15 mile per hour speed limit required by city ordinance at the crossing involved, the engineer testifying on the trial of the case that he was traveling between 30 and 35 miles per hour as specifically authorized by the defendant railroad, and while there was other testimony estimating the speed of the train at between 40 and 80 miles per hour, we cannot say that the testimony was not prejudicial to the defendant. In comparing the

negligence of the plaintiff and defendant the jury might well weigh the case against the railroad if they believed the engineer's statement that he was traveling at 60 miles per hour, and not do so if they believed his testimony that he entered the intersection at 30 miles per hour. The error in admitting the testimony can not be said to be harmless as a matter of law.

■ It is unnecessary to decide whether the items of medical expense were supported by proof that they were "reasonable and necessary" within the criteria of *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (2) (139 SE2d 519) and *Johnson v. Rooks,* 116 Ga. App. 394 (157 SE2d 527), since the case will be tried again and since neither the brief nor the enumeration of errors identifies the items referred to, the testimony regarding them, or the instructions given.

■ There was evidence that the plaintiff was in a line of cars which were stopped at the intersection of a street with four sets of railroad tracks by the operation of a switch engine on one of them; that after the engine cleared the intersection the automobile immediately preceding plaintiff's car crossed the track and narrowly missed being struck by the defendant's train, which was approaching the intersection on another track, at a speed in excess of that imposed by a municipal ordinance, and without sounding a bell, whistle, or other warning; and that the plaintiff's car, which was approaching the tracks at an angle not more than 6 feet behind the lead car, collided with the train engine. Under all the evidence in the case the comparative negligence of the parties remained a jury question. Cf. *Collier v. Pollard,* 60 Ga. App. 105 (2 SE2d 821).

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*