In re CLOWARDS, INC., Debtor.

Bernie R. RAKOZY, Trustee, Plaintiff,

v.

REIMAN CONSTRUCTION; Bateman-Hall, Inc.; Intermountain Wood Enterprises; Turnkey Construction; G & S Construction; and Taysom Construction, Defendants.

Adv. No. 83–0886.

United States Bankruptcy Court,
D. Idaho.

Oct. 2, 1984.

D. Blair Clark of Anderson, Kaufman, Ringert & Clark, Boise, Idaho, for plaintiff.

William D. Collins of Collins & Manly, Boise, Idaho, for G & S Construction, Inc.

Lamont Jones of Jones & Christensen, Chartered, Pocatello, Idaho, for Taysom Construction, Inc.

## MEMORANDUM DECISION

ALFRED C. HAGAN, United States Magistrate.

After filing a chapter 11 proceeding, Clowards, Inc. entered into several construction contracts to do masonry work. It appears that Clowards, Inc. failed to complete any of the contracts. Clowards, Inc. subsequently converted to a chapter 7 proceeding. The trustee sought to recover the balance of the contract amount in each case and to have each contractor assert its damages, arising from the breach of Clowards, Inc., as an unsecured claim. All of the defendants except G & S Construction and Taysom Construction have settled with the

trustee. The two remaining contractors contend that they are allowed to reduce any amount due Clowards under the contract by the amount of damage which they incurred, using the theory of "set-off" or "recoupment."

The trustee asserts that "the sole statutory remedy for setoffs of any kind is Section 553." That section allows the set-off of prepetition claims of creditors against prepetition debt owing to the debtor. The trustee argues that 11 U.S.C. § 348(d) requires that claims which arise post-petition, but before conversion under 11 U.S.C. §§ 1112 or 1307, "shall be treated for all purposes as if such claim had arisen [prepetition]." The trustee contends that because any claim against the debtor from breach of the construction contracts is to be treated as a prepetition claim while the debt owed by the contractors to Clowards arose post-petition, no § 553 setoff is available. The trustee also asserts that no other method of reducing the contractors' debt by the amount of their claim is provided by the Bankruptcy Code.

**█** The right to set off prepetition mutual debts owed to the debtor against prepetition claims against the debtor is limited by 11 U.S.C. § 553. However, this section does not specifically alter the right of recoupment. Recoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the *same transaction* to arrive at a just and proper liability on the plaintiff's claim. Collier on Bankruptcy ¶ 553.03 (15th ed. 1984). In contrast, setoff involves a claim of the defendant against a plaintiff which arises out of a transaction which is different from that on which the plaintiff's claim is based. *Id. See also* 20 Am.Jur.2d *Counterclaim, Recoupment And Setoff* §§ 10, 11 (1965). Some courts do not appear to make this distinction. *E.g. Matter of Fordson Engineering Corp.*, 25 B.R. 506 (Bankr.E.D. Michigan 1982); *In re Hill*, 19 B.R. 375 (Bankr.N.D.Texas 1982). Nevertheless, several courts have found that § 553 is not exclusive and have allowed the setoff or

recoupment of post-petition obligations. *E.g. In re Yonkers Hamilton Sanitarium, Inc.*, 34 B.R. 385 (S.D.New York 1983); *Matter of Pennsylvania Tire Company*, 26 B.R. 663 (Bankr.N.D.Ohio 1982); *Matter of Fordson Engineering Corp., supra; Waldschmidt v. CBS, Inc.*, 14 B.R. 309 (M.D.Tennessee 1981).

**█** I conclude that the defendants here are asserting a claim in recoupment which may be asserted independently of § 553. *Quittner v. Los Angeles Steel Casting Co.*, 202 F.2d 814, 816, n. 3 (9th Cir.1953). Because the purpose of asserting such a claim is to determine a just liability on the plaintiff's claim, and because both claims arise out of the same transaction, a claim of recoupment should be allowed regardless of whether the plaintiff's claim is considered a prepetition or post-petition claim. Section 348(d) should not affect this outcome.

Therefore, I will allow the defendants to assert their claims as claims in recoupment. The trustee may recover the claims which the estate has against the defendants, subject to the defendants' claims in recoupment.

Counsel for the defendants may prepare an appropriate order for my signature in accord with this decision.