**In the Matter of Alden D. HOLFORD, Debtor.**

**Alden D. HOLFORD, Appellant,**

v.

**Melvin Lane POWERS a/k/a Mel Powers and Mel Powers d/b/a Mel Powers Investment Builder, Appellee.**

**No. 89–2714.**

United States Court of Appeals, Fifth Circuit.

March 16, 1990.

---

Alden D. Holford, Houston, Tex., pro se.

Yocel Alonso, MacNaughton, Alonso, Vander, Lyn, Leufven & Cernonsky and Thomas M. Fulkerson, Morris & Cambpbell, Houston, Tex., for appellee.

Before GEE, GARZA and DAVIS, Circuit Judges.

GARZA, Circuit Judge:

Alden Holford appeals contempt penalties imposed against him for violation of the automatic stay in Powers' bankruptcy proceeding when he offset rents due against damages in a state court fraud claim. Because we find that his actions constituted a recoupment and not a setoff, we REVERSE the contempt holding.

## FACTS

In March of 1982, a Vice–President of M. Lane Powers Investment Builder ("Powers") negotiated a lease with Holford for 1000 square feet of office space at $1,326.00 per month. Holford leased more space than he needed, as the vice-president assured him that the extra space could be sublet with no problem; the extra space in fact was never sublet despite Holford's ef-

forts. The pro rata rental share of the extra, unleased space was $600.00 per month.

Holford first brought up the issue of fraud in the negotiation of the lease in January, 1983, in a letter to the vice-president who negotiated the lease with him and told him he would have no problems leasing the extra space. Beginning in February, 1983, Holford began noting on the monthly rental check that he was not waiving any rights regarding the extra space. Upon learning of Powers' bankruptcy proceedings in January of 1984, Holford began to send letters instead of rent checks, recovering his fraud damages from the rental payments as they came due. No further rent was paid through April 1985, when the lease terminated.

Powers sued for non-payment of rent in July, 1984, and Holford counter-claimed for fraud damages. In his bankruptcy proceeding, Powers filed a Motion to Show Cause why Holford should not be held in contempt for violating the automatic stay by filing his fraud counterclaim. Powers' Bankruptcy Court held that Holford properly filed the counterclaim, but was in violation of 11 U.S.C. § 362(a)(7) by the setoff of his fraud damages against rents due the post-petition Powers.[1] The district court below affirmed the finding and the award of $300.00 in attorneys' fees. This appeal followed.

## DISCUSSION

Today we must determine not only whether Holford's actions constituted a recoupment and not a setoff, but also whether a recoupment is subject to the section 362(a) stay in a bankruptcy proceeding.

### 1. *Recoupment v. Setoff*

■ "Recoupment allows a defendant to reduce the amount of a plaintiff's claim

by asserting a claim against the plaintiff *which arose out of the same transaction* to arrive at a just and proper liability on the plaintiff's claim. *Collier on Bankruptcy* para. 553.03 (15th ed. 1984). In contrast, setoff involves a claim of the defendant against the plaintiff which arises out of a transaction which is different from that on which the plaintiff's claim is based. *Id.*" *In re Clowards, Inc.*, 42 B.R. 627, 628 (Bankr.D. Idaho 1984) (emphasis added).

■ Here, Holford used rental payments due under the lease to recoup losses caused by fraud in the inducement of that same lease; clearly, the two amounts arose out of the same transaction. Even so, the district court found that the transaction was a setoff because (1) there was no express contractual right in the lease to withhold the rental payments, and (2) the amount Powers may have ultimately owed to Holford could not be known until the resolution of the state court cause.[2]

■ There need not have been any express contractual right to withhold payments for the transaction to be a recoupment. In *In re B & L Oil Co.*, 782 F.2d 155, 159 (10th Cir.1986), the court stated that application of the "equitable doctrine [of recoupment] should not depend on whether the parties expressly anticipated the problem," and allowed recoupment absent express contractual permission.

We also reject the district court's holding that the uncertainty of the fraud damages owed bars recoupment. Because most recoupment cases arise in adversarial proceedings in the bankruptcy court, the "amount to be recouped" is almost always in question. In *In re Career Consultants, Inc.*, 84 B.R. 419, 426 (Bankr.E.D.Va.1988), the court held that the recouping party's determination of the amount to be recouped was proper, subject to court oversight. As we have no evidence before us

---

1. Section 362(a)(7) reads:
   "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of— ...
   (7) the setoff of any debt owing to the debtor that arose before the commencement of the case

under this title against any claim against the debtor...."

2. Ultimately, the state court claim for rental payments was dismissed for want of prosecution.

that Holford's pro rata determination of $600 per month was an improper amount of damages, we leave it intact.

Also, in *Clowards*, 42 B.R. at 628, the court did not directly address the issue of uncertain amounts of recoupment, but the result seems to do so. Contractors there were allowed to recoup their losses absent any certain determination of their damages.

Finally, recoupment is an equitable doctrine designed to "determine a just liability on the plaintiff's claim." *Id.* If Holford were required to pursue an adversarial proceeding to determine the final amount of his damages, and only then allowed to recoup those losses, the doctrine's purpose would be severely undermined. Indeed, the mere passage of time would take from Holford the opportunity to recoup the losses from their proper source: rents arising from the same transaction. And, the trustee would have been fully able to challenge those fraud damages and ultimately come to a "just liability" on the lease.

## 2. *Recoupment and the Stay*

█ The district court stated that, whether the actions constituted a recoupment or a setoff, the funds were the property of the bankruptcy estate and were subject to the section 362(a) automatic stay. We disagree. The trustee of a bankruptcy estate "takes the property subject to rights of recoupment." *Career Consultants*, 84 B.R. at 426. That is, "to the extent the damages equal or exceed the funds withheld, the debtor has no interest in the funds and, therefore, the stay has not been violated." *Id.* at 424. Further, in *B & L*, 782 F.2d at 158, the Tenth Circuit specifically allowed post-petition recoupment of damages against continuing payments.

## CONCLUSION

Because we find that the transaction in question constituted a recoupment and not a setoff, and that a recoupment is not subject to the automatic stay of section 362(a), we REVERSE and RENDER the contempt order of the district court.