## A90A2382. UNIFLEX CORPORATION v. SAXON.
(402 SE2d 67)

Pope, Judge.

Plaintiff Kenneth Saxon, doing business as K & L Construction Company, entered into a written subcontract for earthwork with defendant Uniflex Corporation, the general contractor for a construction project. Defendant made certain progress payments to plaintiff but the parties disagreed concerning the final payment due plaintiff and defendant failed to pay the final amount demanded by plaintiff. Plaintiff filed this action and, pursuant to a jury verdict, was awarded judgment in the amount of $73,129.98 plus pre-judgment interest of $30,714.60. Defendant appeals.

1. Defendant was not entitled to a directed verdict for plaintiff's failure to prove damages. Although the written payment requests submitted by plaintiff were referred to as "estimates," defendant's own witness admitted the requests were considered invoices for completed work. Moreover, plaintiff presented sufficient evidence describing and identifying the work represented by the unpaid payment requests. Thus, the evidence supported plaintiff's claim for damages.

2. The trial court did not err in granting plaintiff's motion in limine regarding evidence of money the defendant allegedly spent on repairs to earthwork completed and billed by plaintiff. "[Inadequate workmanship] may constitute a breach of contract by the plaintiff, but the remedy for the breach is not nonpayment; it is recoupment . . . or what is now a counterclaim under [OCGA § 9-11-13]." *Sasser & Co. v. Griffin*, 133 Ga. App. 83, 87 (2b) (210 SE2d 34) (1974). Defendant did not raise a counterclaim for recoupment and thus was not entitled to present evidence of money spent on repairs as a defense to plaintiff's claim for payment under the contract.

3. Defendant did raise the defense of accord and satisfaction and presented evidence it forwarded a check in the amount of $21,940.95 in settlement of plaintiff's claim to an entity in Florida which portrayed itself as plaintiff's agent for collecting the claim. Plaintiff denied authorizing the Florida firm to negotiate the claim and denied receiving any of the proceeds of the check. Defendant argues the trial court erred in excluding testimony that an attorney acting on behalf of plaintiff told defendant's attorney that plaintiff admitted he did retain the Florida firm to collect the money defendant owed him. First, we note the testimony was, in fact, admitted with instructions to the jury that it should be considered solely for impeachment of plaintiff's attorney's testimony that he did not make such a statement.

The court did not err in excluding the testimony as direct evidence that the Florida firm was plaintiff's agent. Evidence was presented that the attorney who allegedly made the admission con-

cerning the Florida firm was plaintiff's agent. Thus, defendant argues the attorney's admissions would be admissible against plaintiff pursuant to OCGA § 24-3-33. However, this Code section must be construed together with OCGA § 10-6-64, which states an agent's declarations shall not be admissible against the principal unless they were part of the res gestae of the transaction. *Southern R. Co. v. Allen*, 118 Ga. App. 645 (1) (165 SE2d 194) (1968). In this case, the attorney's statements were not part of the transaction at issue in the case but were hearsay as to plaintiff and were not admissible against him as direct evidence. The trial court did not err in excluding a letter written to plaintiff's attorney confirming the admission he allegedly made to defendant's attorney because the letter was self-serving; in any event, evidence of the contents of the letter was presented by oral testimony.

4. The trial court adequately charged the jury on the theory of agency. It did not err in refusing to charge that the admissions of an agent are admissible against the principal for the reasons set forth in Division 3, above. Neither did the trial court err in refusing to charge that a principal is estopped from denying agency when he places another in a position of apparent authority which would justify a person of ordinary prudence to assume the other has authority to act as the principal's agent. The only evidence of the Florida firm's agency was testimony concerning the representations of the purported agent. "Agency can not be proved by the declarations of the alleged agent." *Davis v. Metro. Life Ins. Co.*, 196 Ga. 304, 321 (3) (26 SE2d 618) (1943). Accord *Carmichael v. Silvers*, 90 Ga. App. 804, 819 (1) 84 SE2d 668) (1954).

5. The trial court did not err in awarding pre-judgment interest. Even though defendant contested some of the charges claimed by plaintiff, the jury obviously found the work was completed and payment was due. Pre-judgment interest may be awarded where, as here, evidence shows work was completed under the contract and payment was demanded prior to trial and the claimant prayed for pre-judgment interest. See *Gregory v. Townsend Roofing Co.*, 163 Ga. App. 836 (2) (296 SE2d 154) (1982).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*Marvin W. McGahee*, for appellant.

*Hudson, Galloway & Vaughan, William T. Hudson, J. Scott Vaughan*, for appellee.