428

*District Attorney*, for appellee.

A93A1812. EXTERIOR WALL SYSTEMS, INC. v. DEAN.
(436 SE2d 543)

McMurray, Presiding Judge.

Plaintiff Exterior Wall Systems, Inc. filed this action seeking to recover sums due for plaintiff's labor and materials furnished in the construction of defendant Dean's residence. Plaintiff's complaint stated alternative theories of breach of contract and quantum meruit. Defendant answered denying the claims stated in the complaint and counterclaimed alleging negligent damage to the residence and breach of contract. Upon the trial of the case, a jury returned a verdict in favor of defendant on plaintiff's claims and in favor of plaintiff on defendant's counterclaim. Plaintiff appeals. *Held:*

The first four enumerations of error complain of the trial court giving a charge that: "Any devise or scheme by which Plaintiff extracted and collected more from the Defendant than was actually due would constitute a breach of the contract *that would bar all recovery under the contract.*" (Emphasis supplied.) While defendant maintains that this charge is taken directly from the opinion of this court in *Smith v. Aultman*, 30 Ga. App. 507 (118 SE 459), we do not agree. The first portion of the charge is taken almost verbatim from the cited case and is correct. However, there is nothing in that decision supporting the emphasized language. The remedy for such a breach of contract is not nonpayment, it is recoupment. *Uniflex Corp. v. Saxon*, 198 Ga. App. 445 (2) (402 SE2d 67); *Kuhlke Constr. Co. v. Mobley, Inc.*, 159 Ga. App. 777, 779 (1) (285 SE2d 236); *Sasser & Co. v. Griffin*, 133 Ga. App. 83, 87 (2b) (210 SE2d 34). While the remaining enumerations of error are without merit, this erroneous charge requires reversal since it cannot be deemed harmless.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 30, 1993.

*McReynolds & Welch, J. Michael Welch*, for appellant.
*James W. Penland, Jeffrey B. Bogart*, for appellee.