# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2012

Lyle W. Cayce
Clerk

No. 11-50217

In the Matter of: HAROLD F. EGGERS,
also known as Harold F. Eggers, Jr.,

                                                                        Debtor

-------------------------------------------------------------------------------

HAROLD F. EGGERS,
also known as Harold F. Eggers, Jr.,

                                                                        Appellant

v.

JOHN TOWNES VAN ZANDT, II; WILLIAM VINCENT VAN ZANDT;
KBV, a Minor, by and through her next friend, Jeanene Van Zandt;
JEANENE VAN ZANDT; TVZ RECORDS, L.L.C.,

                                                                        Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-341

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  11-50217

This is an appeal from the bankruptcy court judgment, affirmed by the district court, that authorized the Van Zandts, family members of deceased singer-songwriter Townes Van Zandt, to recoup a judgment out of royalties owed to the debtor, who was Townes Van Zandt's former manager.  Finding no reversible error, we affirm.

This court has carefully reviewed the state court judgment in favor of the Van Zandts that precipitated the bankruptcy of Harold F. Eggers ("Eggers"), together with the parties' Settlement Agreement, the bankruptcy and district court opinions, the briefs on appeal, and pertinent portions of the record.  No useful purpose is served by reciting in detail the facts with which the parties are familiar.  We do not rely on findings or legal conclusions that are questionable in the record from the proceedings below.

Record review demonstrates that the Van Zandts were entitled to the benefit of the equitable doctrine of recoupment, a doctrine that "allows a defendant [the Van Zandts] to reduce the amount of a plaintiff's [Eggers's] claim by asserting a claim against the plaintiff *which arose out of the same transaction* to arrive at a just and proper liability on the plaintiff's claim."  *In re Holford*, 896 F.2d 176, 178 (5th Cir. 1990);  *see also In re McConnell*, 934 F.2d 662, 667 (5th Cir. 1991).  Recoupment is authorized by the Bankruptcy Code, as Eggers's brief admits, as part of the "process of determining the amount owing to the bankruptcy estate."

Appellant's principal contentions are that none of the alleged criteria of recoupment—an identity of parties, a single integrated transaction, and a balance of equities in favor of the party claiming relief—applies in his dispute with the Van Zandts.  Each of these challenges is ill-founded on the law or facts.

No.  11-50217

First, in contrast to the doctrine of setoff, research reveals no case requiring an absolute identity of parties as a prerequisite to a recoupment claim. In practice, the single integrated transaction requirement will almost always involve two parties, resulting in the paradigm that recoupment allows A to reduce its debt owed to B in the amount of B's obligation to A. We need not explore the potential boundaries of recoupment in multiparty dealings, however, in light of the facts here. Eggers owed the Van Zandts a judgment in the suit they brought to enforce a prior Settlement Agreement with him over their mutual rights and duties regarding Townes Van Zandt's musical works. The Van Zandts wholly own TVZ Records, LLC ("TVZ Records"), which was (1) the conduit for musical contracts, (2) named as a "party" (though not a signatory) to the Settlement Agreement, (3) responsible, *inter alia*, for collecting and disbursing royalties owed to the signatories, and (4) a specific beneficiary of the state court declaratory judgment. If more were needed to support the finding that the interests of the Van Zandts and TVZ Records are aligned, it is Eggers's description in his proposed bankruptcy repayment plan of "Royalties owed to TVZ Records" as including the Van Zandt parties' "setoff rights against pre-petition royalties." If Eggers considered the family and TVZ Records to be essentially one unit for calculating his unobjected-to obligation to pay prepetition royalties arising from the Settlement Agreement, it seems clear they remain one for future royalties. These connections are close enough, if not exactly congruent with a two-party arrangement, to support recoupment.

Second, notwithstanding Eggers's efforts to portray the Settlement Agreement as a series of separate recording-type contracts assembled in one document, the bankruptcy court's contrary factfinding is not clearly erroneous.

3

No.  11-50217

The Settlement Agreement resolved disputes between the Van Zandts and Eggers over the full range of Townes Van Zandt's artistic works.  It placed obligations on all three named parties and prescribed various remedies for non-performance, *e.g.*, liquidated damages for material breaches. That different royalty schedules and exploitation terms applied to different musical compositions is hardly surprising.  The purpose of this "single integrated transaction" was to settle all the parties' interrelated interests.

Finally, equity favors recoupment by the Van Zandts on the facts presented.  Eggers owed liquidated damages and attorney fees to the Van Zandts because a jury found he committed material breaches of the Settlement Agreement that assured him of future royalties.  If recoupment were disallowed, Eggers would continue to receive royalties through TVZ Records while being discharged in bankruptcy from the adverse judgment.  He would benefit from an unjustified windfall.

This court's decision in *In re Gasmark*, 193 F.3d 371 (5th Cir. 1999) is not to the contrary.  *Gasmark* disallowed Southwest, a creditor of the bankrupt gas supplier, from recouping contractual liquidated damages from the debts it unquestionably owed for prepetition receipt of the debtor's gas.  The debtor, however, had experienced no unjust enrichment from failing to deliver other quantities of gas to Southwest, nor had Southwest proven any injury from the non-delivery that would undergird the liquidated damages payment. Consequently, the court "[felt] no equitable tug in Southwest's favor that supports application of the narrow doctrine of recoupment."  *Id*. at 375. Enforcing recoupment would have granted a windfall to Southwest.  Here, in contrast, enforcing recoupment prevents Eggers from receiving a windfall.

4

No.  11-50217

For these reasons, the judgments of the bankruptcy and district courts are **AFFIRMED**.