In re Murray B. BRAM, Debtor.

**AETNA LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Murray B. BRAM and Linda Payne, Trustee, Defendants.**

Bankruptcy No. 93–41466.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

April 5, 1995.

Angela Noble, Harbour, Kenley, Boyland, Smith & Harris, P.C., Longview, TX, for Aetna.

Paula Gaus, Coppell, TX, for debtor.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration Aetna Life Insurance Co.'s Motion for Summary Judgment (Aetna's Motion) and Debtor Murray Bram's Motion for Summary Judgment (Debtor's Motion). Since both motions deal with the same set of facts and raise the same issues, they will be considered concurrently. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtor was terminated from Texas Instruments on October 28, 1992, due to total and permanent disability. He had not worked since March 6, 1992, due to acute end-stage renal failure.

Debtor is the beneficiary under a Long Term Disability Plan administered by Aetna for the benefit of employees of Texas Instruments (the "LTDP"). Debtor began receiving benefits pursuant to the LTDP on or about September 10, 1992.

The LTDP provides that, in the event the plan beneficiary begins receiving Social Security Disability Income Benefits ("SSDIB") on account of the claimed disability, Aetna's liability for monthly benefits under the LTDP will be adjusted downward proportionately. The minimum monthly benefit under the LTDP is $100.00. The LTDP further provides that, in the event of an overpayment by Aetna on account of retroactive SSDIB payments subsequently awarded to the beneficiary, Aetna is entitled to recover those overpayments by suspending the payment of benefits until the overpayment is recovered. In connection with his LTDP and the potential for overpayment by Aetna, Debtor executed a document titled "Reimbursement Agreement" by which he specifically agreed to reimburse any and all overpayments made by Aetna.

Effective September 1, 1992, Debtor began receiving SSDIB of $930.70 per month. On or about March 6, 1993, Aetna discovered

Debtor was receiving SSDIB. As a result of the SSDIB, Aetna has overpaid Debtor in the amount of $6,246.91.

On June 14, 1993, Aetna notified Debtor of the overpayment, its suspension of LTDP benefits and its demand for reimbursement of the overpayment. Aetna began suspending LTDP benefits effective April 1, 1993.

On October 13, 1993, Debtor filed a Chapter 7 Bankruptcy Petition. Aetna has continued to suspend LTDP benefits.

Aetna filed this Adversary Complaint seeking a judgment that Aetna's right to recover the overpayment constitutes a right of recoupment, that such right does not constitute a "debt" which is dischargeable in bankruptcy, and, therefore, that Aetna is entitled to continue to recoup the overpayment through the suspension of LTDP benefits until such time as the overpayment has been recovered.

Aetna filed its Motion for Summary Judgment and Debtor filed a competing Motion for Summary Judgment seeking a judgment that Aetna's recovery of the overpayment constitutes impermissible setoff violating the automatic stay and that the Debtor's obligation to repay the overpayment constitutes a dischargeable debt.

### DISCUSSION OF LAW

■ A setoff is usually asserted for the purpose of reducing or extinguishing a *mutual* debt arising from *different* transactions. 11 U.S.C. § 553. *Collier on Bankruptcy,* ¶ 553.03 (15th ed. 1994).

■ Recoupment, on the other hand, is asserted for the purpose of reducing or extinguishing a debt arising from the *same transaction. Id.*

■ In bankruptcy, the distinction between recoupment and setoff is important. *In re B & L Oil Co.,* 782 F.2d 155, 157 (10th Cir.1986). Setoff is allowed in only very narrow circumstances in bankruptcy. *Id.* For example, postpetition debt cannot be used to setoff prepetition debt. 11 U.S.C. § 553. Setoff is also subject to the automatic stay. 11 U.S.C. § 362(a)(7).

■ But a creditor properly invoking the recoupment doctrine can receive preferred treatment even though setoff would not be permitted. *B & L Oil,* 782 F.2d at 157. The chief importance of the recoupment doctrine in bankruptcy is that, unlike setoff, recoupment is not subject to the automatic stay. *Matter of Holford,* 896 F.2d 176, 179 (5th Cir.1990).

The Court must determine whether Aetna's recovery of the overpayments constitutes setoff or recoupment. The key issue is whether or not the prepetition overpayments and the postpetition LTDP benefit payments arise from the same transaction.

The Court believes that the prepetition overpayments and the postpetition LTDP benefit payments arise by the terms of the LTDP contract and, therefore, arise from the same transaction. Consequently, Aetna's recovery of the overpayments constitutes recoupment.

■ In bankruptcy, the recoupment doctrine has been applied primarily where the creditor's claim against the debtor and the debtor's claim against the creditor arise out of the same contract. *B & L Oil,* 782 F.2d 155; *Lee v. Schweiker,* 739 F.2d 870, 875 (3rd Cir.1984). In a number of cases involving the bankruptcy of health-care providers, the courts have allowed insurers to recoup overpayments from amounts owed to the debtor post-petition, under a contract providing for such recoupment. See *In re Monsour Medical Center,* 11 B.R. 1014 (W.D.Pa.1981), *aff'g,* 8 B.R. 606 (Bankr.W.D.Pa.1981); *In re Yonkers Hamilton Sanitarium,* 22 B.R. 427 (Bankr.S.D.N.Y.1982); *In re Berger,* 16 B.R. 236 (Bankr.S.D.Fla.1981).

These contracts provided for advance payment to providers based on estimates of the amount which would ultimately be owed, subject to later correction. The analysis used in these cases is based on the treatment of executory contracts in bankruptcy: a debtor may not assume the favorable aspects of a contract (post-petition payments) and reject the unfavorable aspects of the same contract (the obligation to repay pre-petition overpayments by means of recoupment).

The Court believes this analysis is applicable to the present case. Under the terms of

the LTDP, benefit payments are diminished by other income benefits (as defined by the LTDP to include SSDIB). Debtor was given the option of allowing Aetna to estimate other income benefits to be adjusted upon presenting proof of benefits received or executing a Reimbursement Agreement in order to receive full LTDP benefits subject to reimbursement of overpayments due to receipt of other income benefits. It is clear that under either option, Debtor was agreeing to estimated payments subject to later correction. Debtor chose to execute the Reimbursement Agreement.

It is clear that Debtor entered into a contract with Aetna whereby Debtor agreed to allow Aetna to estimate LTDP benefits subject to later correction. Debtor further promised to reimburse Aetna for any resulting overpayments by agreeing to suspension of future LTDP benefits to recoup the overpayment. Both the prepetition overpayment and the postpetition LTDP benefit payments arose from that LTDP contract, a single transaction. Under the reasoning of the above-cited cases, this Court cannot allow Debtor to assume the favorable aspects of the contract (postpetition payments) and reject the unfavorable aspects of the same contract (the obligation to reimburse prepetition overpayments by means of recoupment).

On the other hand, recoupment has been held inapplicable to claims of the Social Security Administration for prepetition overpayments made to a social security recipient. *Lee*, 739 F.2d 870; *In re Hagan*, 41 B.R. 122 (Bkrtcy.D.R.I.1984). However, these cases are not determinative because there was an express finding that no contract exists between the recipient and the Social Security Administration. Eligibility for Social Security is independently made each month. There is no single continuing, underlying transaction.

Having found that Aetna's right to recover overpayments constitutes recoupment, Aetna has not violated the automatic stay by exercising that right. The trustee of a bankruptcy estate "takes property subject to rights of recoupment." That is, "to the extent the damages equal or exceed the funds withheld, the debtor has no interest in the funds and,

therefore, the stay has not been violated." *Holford*, 896 F.2d at 179. Recoupment operates as an exception to the requirements of the automatic stay. *Mercy Hosp. of Watertown v. N.Y. State Dept.*, 171 B.R. 490, 494 (N.D.N.Y.1994).

Moreover, the right to recoupment does not constitute a debt which is dischargeable. The Code is silent as to recoupment. Under common law, recoupment is an equitable right that is based on the premise that "where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation." *Lee*, 739 F.2d at 875; *Holford*, 896 F.2d at 178. However, under the doctrine of recoupment, no affirmative recovery may be permitted. *Mercy Hosp.*, 171 B.R. at 494.

Since the right to recoupment gives no right to actual payment, it is not a claim. *Id.* If it is neither a claim nor a debt, then it is also not dischargeable under the Code. 11 U.S.C. § 524. Thus, courts have held that "since the right of recoupment provides no basis for an independent claim against the assets of the debtor or the estate, the right to recover against future benefits is not discharged." *Mercy Hosp.*, 171 B.R. at 495. This policy is reasonable inasmuch as it prevents the debtor from obtaining the benefits of a contract without accepting its burdens, and it is consistent with the bankruptcy policy that executory contracts be assumed or rejected in whole. *Id.*

Consequently, Aetna's right to recoupment may not be discharged by Debtor and Aetna may continue to suspend LTDP benefits until it recoups the entire amount of overpayments.

Aetna's Motion will be GRANTED and Debtor's Motion will be DENIED.