In re Elizabeth A. GRAVES, Debtor.

Bankruptcy No. 98–17164.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 21, 1999.

Harvey Muslin, Tampa, FL, for debtor.

Carolyn Chaney, St. Petersburg, FL, Trustee.

*ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA FOR VIOLATION OF THE AUTOMATIC STAY*

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is the Motion for Sanctions pursuant to Section 362(h) filed by Elizabeth Graves (Debtor) against UNUM Life Insurance Company (UNUM) for violating the automatic stay.

The facts in this proceeding are not in dispute. Ms. Graves served as an employee of the City of Tampa library system for several years until the City and Hillsborough County merged their library systems in the mid–1980's. At that time, she became a Hillsborough County employee, yet she chose to remain as a participant in the City of Tampa retirement system. As a County employee, Ms. Graves was covered by a group long-term disability policy issued by UNUM. This policy provided for a reduction in benefits where other similar benefits are received, including benefits received under an employee retirement plan.

In 1996, Ms. Graves became medically disabled, retired, and began receiving $3,000 per month in benefits from UNUM. In September, 1997, the City of Tampa also approved disability retirement for Ms. Graves, which approved disability retirement for Ms. Graves, which included a lump sum retroactive to June, 1996. Upon learning of the City benefits in the summer of 1998, UNUM reduced its monthly payments to account for Ms. Graves' payments from the City. UNUM also calculated that under the policy Ms. Graves had been overpaid by $60.175.76, and thus it attempted to ascertain from her how she planned to return that overpayment. UNUM did not receive a response and, after receiving the Chapter 7 filing notice, informed Ms. Graves it intended to deduct the $60,175 from her remaining monthly payments.

The Debtor contends that UNUM has violated 11 U.S.C. § 362(a)(7) by attempting to off set its debt against her future disability benefits despite being aware of the pendency of her Chapter 7 case. UNUM, on the other hand, contends that this is a recoupment and not a setoff because UNUM seeks to recoup benefit overpayments arising from the same transaction as Ms. Graves' claim, which is not prohibited by the automatic stay.

■ Thus, a determination of whether UNUM violated the automatic stay turns on whether UNUM's actions constitute a setoff or recoupment. The distinction between setoff and recoupment is crucial because a debt subject to a setoff under Section 553 is subject to the automatic stay imposed by Section 362(a)(7), however case law has determined that recoupment is not. See e.g., Lee v. Schweiker, 739 F.2d 870, 875 (3rd Cir.1984). Although the Bankruptcy Code specifically addresses setoff of debts, it does not discuss recoupment. A setoff is a demand asserted to diminish or extinguish a plaintiff's demand that arose out of a transaction independent from the plaintiff's claim. 3 Moore's Federal Practice ¶ 13.02, 2d Ed. (1987). In contrast, recoupment is "the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such a claim." University Medical Center, 973 F.2d 1065, 1079 (3rd Cir.1992) (quoting 4 Collier on Bankruptcy § 553.03, at 553–15–17) (15th ed.1992).

Courts frequently permitted insurers to recoup pre-petition overpayments from post-petition amounts owed to debtors, holding that the pre-petition overpayments and post-petition deductions were part of the same transaction, thus, it was recognized to be a recoupment. See In re Visiting Nurse Association of Tampa Bay, Inc., 121 B.R. 114 (Bankr.M.D.Fla.1990); see also Sims v. U.S. Department of Health and Human Services, 225 B.R. 709 (N.D.Cal.1998), In re University Medical Center, 973 F.2d 1065 (3rd Cir.1992), In re B & L Oil Co., 782 F.2d 155 at 157 (10th Cir.1986).

■ UNUM's actions clearly constitute recoupment and not setoff. Applying the legal principles enunciated in these cases this Court is satisfied that UNUM's claim for the overpayment of disability benefits arises out of the same transaction as Ms. Graves' claim—the policy providing disability benefits to Hillsborough County employees under its retirement plan. The UNUM policy clearly provides for a reduction in benefits for other similar benefits received under an employee retirement plan. This court has previously recognized that such arrangements, statutory or contractual, provide a mechanism for recoupment of overpayment to prevent double compensation for the same disability. Department of Veterans Affairs v. Keisler, 176 B.R. 605 (Bankr.M.D.Fla.1994) (holding deductions of overpaid VA benefits from future benefits constituted permissible recoupment rather that debt).

As a result of the City's retroactive payment, Ms. Graves received double compensation for the same disability for approxi-

mately two years. To disallow UNUM to deduct its pre-petition overpayments from post-petition amounts owed on the same policy would amount to an unjustified windfall for Ms. Graves. Thus, upon finding UNUM's actions constitute recoupment, which falls outside the scope of the automatic stay, the debtor's motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Sanctions pursuant to Section 362(h) is hereby denied.