In re ABCO INDUSTRIES, INC., Debtor.

ABCO Industries, Inc., Plaintiff,

v.

ESI, Inc. of Tennessee, Defendant.

Bankruptcy No. 99–51322 RCM–11.
Adversary No. 01–5014.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Aug. 27, 2001.

Joseph F. Postnikoff, Goodrich, Postnikoff & Albertson, Ft. Worth, TX, for debtor.

Lawrence Chek, Jenkins & Gilchrist, Dallas, TX, for defendant.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO DISMISS

ROBERT C. McGUIRE, Bankruptcy Judge.

Debtor-in-Possession ("Debtor"), ABCO Industries, Inc. ("ABCO"), as plaintiff, filed this adversary proceeding against ESI, Inc. of Tennessee ("ESI"). ESI filed its answer, which also contained a counterclaim against Debtor. Debtor filed a motion to dismiss such counterclaim under Bankruptcy Rule 7012 for failure to state a claim, because *res judicata* allegedly bars ESI's claim. Under Bankruptcy Rule 7012(b), the Court treats such motion to dismiss as a motion for summary judgment.

### Applicable Summary Judgment Standard

Rule 7056 of the Bankruptcy Rules provides that summary judgment is appropriate if there is no genuine dispute over any material facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56.

The summary judgment procedure is "an integral part of the federal rules as a whole, which [is] designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.,* 477 U.S.

at 327, 106 S.Ct. 2548 (citing Fed.R.Civ.P. 1). Under Rules 56(c), brought forward in Bankruptcy Rule 7056(c), summary judgment is proper when the record establishes that no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law will identify what facts are material. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *FDIC v. SW Motor Coach Corp.,* 780 F.Supp. 421, 422 (N.D.Tex.1991). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1413 (5th Cir.1993) ("mere disagreement" between parties is not enough to create genuine dispute). "Stated another way, 'if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Epps v. NCNB Texas Nat'l Bank,* 838 F.Supp. 296, 299 (N.D.Tex.1993), *aff'd,* 7 F.3d 44 (5th Cir. 1993) (quoting *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 974 (5th Cir.1991)). "However, all of the evidence must be viewed in the light most favorable to the motion's opponent." *Gremillion v. Gulf Coast Catering Co.,* 904 F.2d 290, 292 (5th Cir.1990). *Epps v. NCNB Texas Nat'l Bank,* 838 F.Supp. at 299. Once the movant has made a proper motion, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co.,* 475 U.S. at 585–86, 106 S.Ct. 1348. The nonmovant must raise more than a mere scintilla of evidence, and he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348.

The Court has core jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (E). (Admitted by ESI in paragraph 4 of its answer to the complaint ("Answer")). The following constitutes the Court's findings of undisputed facts and conclusions of law based upon the undisputed facts presented in the pleadings, and stipulations made in open court.

### Background

It is undisputed that ABCO and ESI entered into two separate arrangements wherein ABCO agreed to sell and deliver a total of three boilers, and related components, to ESI. (*See* Plaintiff's Original Complaint ("Complaint"), at paras. 10–11, and 22–23, and admitted by ESI in its Answer.) One of these contracts, initially arising out of purchase order number 21520–001, as amended and supplemented, known as the Bayer Corporation Project, called for ABCO to sell and deliver one boiler, and the associated components, to ESI. (*See* Complaint at pp. 5–6.) The Complaint alleges that ESI owes ABCO $25,540.00 for the purchase and $55,363.00 for freight charges associated with delivery, or a total of $80,903. (*See id.* at p. 7.) ESI denies owing anything under this contract. (*See* Answer at para. 30.)

The other contract in question, account number 32704–001–00, known as the Union Carbide Project, called for two such boilers, and related equipment, to be sold and delivered by ABCO to ESI. (*See* Complaint at p. 3; Answer at paras. 10–12.) The Complaint alleges that ESI still owes ABCO a total of $17,208.00 on this contract. (*See id.* at pp. 4–5.) ESI denies owing anything under this contract. (*See* Answer at para. 17.)

Following the filing of ABCO's above-referenced bankruptcy petition, ESI filed a unsecured proof of claim in the amount of $196,160.78 against Debtor for breach of contract damages arising out of the Bayer

Corporation Project.[1] *(See* Proof of Claim attached hereto as Exhibit ("EX") 1; Answer at pp. 5–6.) ABCO objected to such claim, but ESI did not file a written response. *(See* ESI's Response to Motion to Dismiss ("Motion to Dismiss") ("Response") at pp. 2–3; Court records.) Thereafter, this Court entered an order disallowing ESI's original claim. *(See id.)* ESI has admitted through its pleadings, and in open court, that a default judgment was entered disallowing its claim. *(See* Response at paras. 3–4; Court record.) ESI did not appeal from such disallowance or file any motion for reconsideration of same.

Debtor's plan was confirmed and the bar date for filing claims had expired before this adversary was filed.

Following the entry of the order disallowing ESI's claim, ABCO filed its Complaint, seeking a total of $98,111.00 in breach of contract damages arising from both projects, *i.e.,* $17,208 from the Union Carbide Project, and $80,903 from the Bayer Corporation Project. ESI then filed an answer and counterclaim, alleging that ABCO owed ESI for breach of contract damages in relation to the Bayer Corporation Project, totaling $196,160.78.[2] In raising this counterclaim, ESI seeks not only to "offset the [t]otal [d]amages against any amounts claimed by the Debtor, leaving a balance owed to ESI by the Debtor of $98,049.78," but also a "judgment ... against Debtor for the damages

set forth in ESI's Counterclaim...." (Counterclaim para. 8.)

### *Analysis*

### Bayer Corporation Project

█ The Court finds that the ESI Counterclaim, in relation to the Bayer Corporation Project, should be allowed in part and dismissed in part. First, ESI's counterclaim, in relation to the Bayer Corporation Project, raises recoupment issues, discussed below, and will be allowed to proceed to trial only to the extent that it is used as a defense to ABCO's allegations of breach of the Bayer Corporation contract, and not for affirmative recovery. The attempts by ESI to use the alleged breaches of the Bayer contract as a setoff on the Union Carbide claim will be dismissed.

█ Fundamentally, "recoupment is 'an equitable doctrine designed to determine a just liability on the plaintiff's claim.'" *Herod v. Southwest Gas Corp. (In re Gasmark Ltd.),* 193 F.3d 371, 375 (5th Cir.1999) (citations omitted). A party asserting recoupment has the burden at trial to show that it factually fits within the parameters of "the narrow doctrine of recoupment." *Id.* Furthermore, "'[r]ecoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff *which arose out of the same transaction* to arrive at a just and proper liability on the plaintiff's claim.'" *Holford v. Powers,* 896 F.2d 176, 178 (5th Cir.1990) (quoting *Collier on Bankruptcy* ¶ 553.03 (15th ed.1984)).[3] No

---

1. The proof of claim on file in this matter lists the following "[a]ccount or other number by which creditor identifies debtor": "PO # 21520–001–04." This appears to be a clear reference to the Bayer Corporation Project only. Additionally, ESI's Answer and Counterclaim clearly states that ESI's Counterclaim is based solely on the Bayer Corporation Project. *(See* Answer at pp. 5–6.)

2. ESI alleges that the original boiler under this contract fell from the delivery truck while being transported to the Bayer location. *(See* Counterclaim at para. 2.) As a result, ESI alleges $82,078.55 in direct damages and $114,082.33 in damages related to problems with the replacement boiler. *(See* Counterclaim at paras. 4–5.)

3. Some courts have noted a second requirement, namely that some sort of overpayment

"express contractual right" to recoupment is required. *Id.* Finally, recoupment serves as an " 'exception to the rule that all unsecured creditors of a bankrupt stand on equal footing for satisfaction' " as well as " 'sometimes allow[ing] particular creditors preference over others.' " *In re United States Abatement Corp.*, 79 F.3d at 398 (citation and footnote omitted).

The justification for the recoupment doctrine is that "where the creditor's claim against the debtor *arises from the same transaction as the debtor's claim,* it is essentially a defense to the debtor's claim against the creditor. . . ." We have held that the trustee of a bankruptcy estate "takes the property subject to the rights of recoupment." In other words, to the extent that a party is entitled to recoupment of funds, "the debtor *has no interest* in the funds."

*Id.* (footnotes omitted).

■ In determining whether claims arise out of the same transaction, the Fifth Circuit has noted that "[t]here is no general standard governing whether events are part of the same or different transaction. '[G]iven the equitable nature of the [recoupment] doctrine, courts have refrained from precisely defining the same-transaction standard, focusing instead on the facts and the equities of each case.' " *Kosadnar v. Metro. Life Ins. Co. (In re Kosadnar),* 157 F.3d 1011, 1015 (5th Cir.1998) (citations omitted). In following this approach, the facts clearly indicate that ABCO's Bayer contract claim, and ESI's counterclaim based on the Bayer contract, arise out of the same transaction, namely the Bayer Corporation Project.

As noted below, setoff may not be used were a claim has been disallowed under §§ 502 and 553. The Bankruptcy Code says nothing about the defensive use of recoupment. However, ESI's request in its Counterclaim for an affirmative judgment in excess of the amount alleged in ABCO's Complaint is denied and this portion of its Counterclaim is dismissed.

## Union Carbide Project

■ The Court grants ABCO's Motion to Dismiss the Counterclaim in so far as it raises setoff, from the Bayer transaction, as a defense to ABCO's allegations of breach of the Union Carbide contract. Specifically, ESI's Counterclaim, in relation to the Union Carbide Project, raises setoff issues, as opposed to recoupment, as it is not based on the same transaction that ABCO's allegation is based (namely the Union Carbide contract). Setoff has usually been distinguished from the doctrine of recoupment in that

setoff is asserted for the purpose of reducing or extinguishing a creditor's claim against the debtor when "the mutual debt and claim contemplated are generally those arising from *different* transaction. . . . Recoupment, on the other hand, is the setting up of a demand arising from the *same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim."

*In re United States Abatement Corp.,* 79 F.3d at 398 n. 16 (citation omitted). Such is the case herein. ESI's Counterclaim is based upon ABCO's alleged breach of the Bayer Corporation contract. (*See* Counterclaim at pp. 5–6.) Additionally, ABCO's Complaint raises breach of contract allegations against ESI in relation to the Union Carbide Project, as well as to the Bayer

has occurred. The Fifth Circuit noted in one opinion that it had found no authority substantiating this second element. *See United States Abatement Corp. v. Mobil Exploration and Producing U.S., Inc. (In re United States Abatement Corp.),* 79 F.3d 393, 398 n. 11 (5th Cir.1996).

Corporation Project. (*See* Complaint at pp. 3–5.) Therefore, as different transactions are involved, the doctrine of setoff, and not recoupment, is implicated as to the Union Carbide Project.

11 U.S.C. § 553 is entitled "Setoff." Section 553(a)(1) of the Bankruptcy Code, in addressing setoff, clearly states the following:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that
>
> > (1) the claim of such creditor against the debtor is disallowed[.]

As noted in this Court's Order on Objection to Claim Number 80 of ESI Inc. of Tennessee ("Order"), ESI's claim was "disallowed for all purposes." As the claim of ESI, on the Bayer Project, was previously disallowed, and based upon the clear language of § 553(a)(1), setoff from the Bayer Project cannot be used by ESI to offset any liability it may have under the Union Carbide contract. *Collier on Bankruptcy* states:

> The failure to file a proof of claim does not prevent the creditor from asserting the right [of setoff] as a defensive matter, although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor.

5 *Collier on Bankruptcy* ¶ 553.07[1] (15th ed. rev. June 2000) (citations omitted).

Although, as noted, the defensive use of setoff (or recoupment) is not necessarily precluded by the failure to file a proof of claim, when a proof of claim is actually filed and eventually disallowed, § 553(a)(1) is clear that setoff is not to be permitted.

### *Res Judicata*

■ Finally, ABCO argues that res judicata prevents ESI's attempt to recoup its alleged losses. This argument fails for several reasons. First, as the equitable right of recoupment is not addressed in the Bankruptcy Code, nor is it subject to the restrictions found in § 553, it is not a right specifically part of the claims allowance or disallowance process. *See Aetna Life Ins. Co. v. Bram (In re Bram)*, 179 B.R. 824, 827 (Bankr.E.D.Tex.1995) ("The Code is silent as to recoupment."). As such, the right to assert recoupment was not lost when ESI's claim was disallowed and is not precluded from being raised as a defense. *See generally Elbadramany v. Bryson Crane Rental Servs., Inc.*, 630 So.2d 214, 216 (Fla.Dist.Ct.App.1993) ("[T]he default judgment entered against [a party] does not preclude him from defending against it by setting off or recouping his losses. He is entitled to present evidence on these issues, although he can be awarded no affirmative relief."); *Lawler v. Guild, Hagen & Clark, Ltd. (In re Lawler)*, 75 B.R. 979, 985 (Bankr.N.D.Tex. 1987), *aff'd*, 106 B.R. 943 (N.D.Tex.1989) ("A defense asserted by way of recoupment can be raised after the statute of limitations has run, but only defensively.").

Second, the right of recoupment is not a "claim" in bankruptcy. *In re Bram*, 179 B.R. at 827 ("recoupment gives no right to actual payment, it is not a claim"); *In re Gaither*, 200 B.R. 847, 850 (Bankr. S.D.Ohio 1996) ("Because recoupment only reduces a debt, rather than constituting an independent basis for a debt, it is not a claim in bankruptcy . . . ."). Therefore, because recoupment is a defense and not a renewed claim demand on a previously

disallowed claim, res judicata does not prevent its use.

Judgment will be entered in accordance with the foregoing opinion.