**In re Bonnie LORD, Debtor.**

**No. 02–43247–JBR.**

United States Bankruptcy Court, D. Massachusetts.

Oct. 16, 2002.

Bonnie Lord, Webster, MA, pro se.

Thomas Gallitano, Stephen S. Churchill, Conn, Kavanaugh, Peisch & Ford, LLP, Boston, MA, for Metropolitan Life Insurance Company.

John A. Burdick, Burdick & DeLeo, Worcester, MA, Chapter 7 Trustee.

### *MEMORANDUM OF DECISION*

JOEL B. ROSENTHAL, Bankruptcy Judge.

Before the Court for determination is 1) an insurance company's objection to the Debtor's claimed exemption, under 11 U.S.C. Section 522(d)(10)(E), of the right to receive benefit payments under a disability benefit insurance policy; and 2) the Debtor's claim that the insurance company's withholding of post-petition benefits to recover pre-petition overpayments is a set-off undertaken in violation of the automatic stay. The insurance company as-

serts its recovery of overpayments is recoupment and therefore not covered by the automatic stay.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (G) and (O).

## I. BACKGROUND

The facts of this case are uncontested. Bonnie Lord (the "Debtor") was employed by Rockwell International ("Rockwell"). Rockwell offered its employees various benefits, including long-term disability benefits under the terms and conditions of a comprehensive Health & Welfare Benefits Program, the terms of which were set forth in a Summary Plan Description ("SPD"). The long-term disability benefits insurer was Metropolitan Life Insurance Company ("MetLife").

The Rockwell SPD notified all persons potentially eligible to receive long term disability benefits that any retroactive award of benefits under the Federal Social Security Act, including SSDI benefits, would result in recomputation and adjustment of the monthly benefit amount. Moreover, if the amount of the adjusted monthly benefit was less than the amount of monthly benefits already paid out, then the recipient would be obligated to promptly refund the difference to MetLife. The Rockwell SPD also notified eligible employees that MetLife would reduce the amount of future benefits payable under the plan by the amount of any required refund.

The Debtor received disability benefit payments during the period of August 24, 1995 through July 31, 1999 from MetLife in accordance with the provisions of Rockwell's SDP. Beginning in August, 1995, the Debtor also received SSDI payments of approximately $1.800 per month.

In June 1999, MetLife contacted the Debtor concerning overpayments resulting from the receipt of both long-term disability benefits and SSDI and notified the Debtor that she could either reimburse MetLife in a lump sum for the overpayments or MetLife would withhold payments on future disability benefit payments until the overpayments had been recouped. MetLife began to withhold payments and credit them toward the overpayments in July 1999. On May 23, 2002, the Debtor filed a voluntary Chapter 7 petition. MetLife continued to withhold payments after the filing, however.

## II. DISCUSSION

 A determination of whether MetLife's withholding of the post-petition disability benefits is a violation the automatic stay turns on whether MetLife's actions constitute a setoff or recoupment. Although setoff is clearly stayed by section 362(a)(7), courts have held that recoupment is not stayed automatically. 3 COLLIER ON BANKRUPTCY ¶ 362.03[9][b] (15th ed. rev.2001), citing *United States v. Consumer Health Services of America, Inc.*, 108 F.3d 390 (D.C.Cir.1997); *In re B & L Oil*, 782 F.2d 155 (10th Cir.1986). Whether a withholding of payment constitutes setoff or recoupment depends on whether the debtor's right and obligation arise from the same transaction or from different transactions. Setoff is usually available if the amount owed to the debtor arises out of a *different* transaction than that which created the debtor's payment obligation, while recoupment is available if the debtor's right to payment and the debtor's obligation arose from the *same* transaction. *See id.*

 In *In re Abbey Financial Corp.*, 193 B.R. 89, 95 (Bankr.D.Mass.1996), the court noted that although the recoupment doctrine has been applied primarily where

the creditor's claim against the debtor and the debtor's claim against the creditor arise out of a single contract, "an express contractual right is not necessary to effect recoupment ... nor does the fact that a contract exists between the debtor and creditor automatically enable the creditor to effect a recoupment." Rather, the common thread in the decisions ruling that recoupment rights are present is that the rights are derived from a single transaction. *Id.* at 96.

Courts frequently permit insurers to recoup pre-petition overpayments from post-petition amounts owed to debtors, holding that the pre-petition overpayments and post-petition deductions are part of the same transaction. *In re Graves,* 234 B.R. 149, 150 (Bankr.M.D.Fla.1999); *see In re Bram,* 179 B.R. 824, 826 (Bankr.E.D.Tex. 1995). Both *Graves* and *Bram* involved fact patterns similar to what is presented here. In both cases an insurance company overpaid pre-petition claims because the insured failed to report payments from other sources that would have reduced the insurance company's required payments. Both courts emphasized that the original insurance contracts contained explicit language granting the insurance companies the right to reduce benefits if other similar benefits were received from another source. In each case, because both the right to payment and the right to withhold payment arose from the same transaction, recoupment was appropriate.

■ The same analysis is applicable in the present case. The SPD provided the Debtor's right to payment in the event of disablement during the policy period and provided for MetLife's right to reduce future payments in the event of overpayment due to non-reported payments from other sources, such as SSDI. Furthermore, the Reimbursement Agreement that the Debtor signed to obtain long-term disability payments also explicitly provided that

MetLife had the right to recoup overpayments from future payments. There can be no doubt that the Debtor's right to payment from MetLife and MetLife's right to withhold future payments in the case of overpayments arose from the same transaction. Therefore, MetLife's right to recover overpayments constitutes recoupment and not setoff.

Accordingly, MetLife has not violated the automatic stay by withholding post-petition disability payments and the Debtor's motion is DENIED.

Furthermore, MetLife has a right to recoup pre-petition overpayments to the Debtor. Therefore, the Debtor's claimed exemption of disability payments under Section 522(d)(10)(E) is ALLOWED subject to MetLife's right of recoupment.

A separate order will enter.