**In re Tomas M. GONZALES Carolina Georgine Gonzales, Debtors.**

**City of Fort Collins, Movant,**

**v.**

**Tomas M. Gonzales, Daniel Hepner, Trustee, Respondents.**

**No. 03–15390 HRT.**

United States Bankruptcy Court, D. Colorado.

Aug. 29, 2003.

Jerry Sumner, Fort Collins, CO, for Debtors.

Gregory S. Bell, Fort Collins, CO, for creditor.

## ORDER RE: MOTION FOR RELIEF FROM STAY

HOWARD R. TALLMAN, Bankruptcy Judge.

This case comes before the Court on City of Fort Collins' Motion for Relief from Stay. The Court has reviewed the file and the pleadings in this matter, has held a hearing and considered the arguments of counsel, and is ready to rule.

The Motion, as it was originally pleaded, has become moot. This proceeding was initiated as a motion for relief from stay. However, the stay terminated on July 30, 2003, when the Debtor was granted a discharge. Counsel for the City of Fort Collins pointed out this fact to the Court at the hearing which was held on August 12, 2003. Nonetheless, counsel requested for the hearing to go forward so that the Court could determine whether or not the City's contemplated action constituted a violation of the discharge injunction. 11 U.S.C. § 524. Debtor did not object to that request and the hearing proceeded on that basis.

The facts are not in dispute. Mr. Gonzales is a former employee of the City of Fort Collins. As of February 6, 2001, he became totally disabled. By reason of his disability, Mr. Gonzales became eligible to receive workers' compensation disability payments. While receiving those payments, he also received payments on account of a private disability insurance policy which was provided to him through the City. Mr. Gonzales did not give notice to the City when he began receiving those disability insurance payments. In addition, Mr. Gonzales is now eligible to receive social security disability income benefits.

Prior to the filing of Mr. Gonzales' bankruptcy petition, the City initiated an administrative action for the purpose of de-

termining whether, and to what extent, Debtor was overpaid workers' compensation benefits due to his receipt of other disability insurance payments. The City also wishes to seek a determination of the adjustment of workers' compensation benefits which is appropriate due to eligibility to receive social security payments. The administrative action has been stayed pending this Court's determination.

The issue before the Court is whether the City would violate the discharge injunction, 11 U.S.C. § 524, by proceeding with an administrative adjudication of whether or not Mr. Gonzales has received an overpayment of workers' compensation benefits and recouping any such overpayment from future benefits due to Mr. Gonzales. The Court finds that such action does not violate § 524.

■■■ Colo.Rev.Stat. §§ 8–42–103(1)(c)(I) and (d)(I) provide that certain adjustments must be made to an award of workers' compensation whenever a recipient is also receiving either an award of social security benefits or payments under an "employer pension or disability plan." Colo.Rev.Stat. § 8–42–113.5 provides the means for collecting any overpayment of workers' compensation benefits that may result from the recipient also receiving payments under social security or an employer pension or disability plan. That statute provides that such benefit overpayments may be recovered by reducing future benefit payments due to the recipient. Colo.Rev.Stat. §§ 8–42–113.5(1)(a) & (b). If recovery by that method is not practicable, then the statute provides that the employer or its insurer is authorized to seek an order for repayment. Colo.Rev. Stat. § 8–42–113.5(1)(c).

The Court will first note that the City did not seek a determination from the Court that any portion of the pre-petition overpayment should be excepted from discharge pursuant to 11 U.S.C. § 523. Consequently, any personal liability which Debtor may have for any such overpayment is discharged and the City is foreclosed from seeking an order of repayment under Colo.Rev.Stat. § 8–42–113.5(1)(c). At the hearing, counsel for the City acknowledged that the City seeks to collect any benefit overpayment by means of recoupment from future benefits only.

■■■ The term recoupment has a particular meaning and significance in the bankruptcy context. The recoupment doctrine, is an equitable doctrine that allows a creditor to recover a pre-petition debt out of payments owed to the debtor post-petition. *In re Adamic,* 291 B.R. 175, 181 (Bankr.D.Colo.2003); *In re Lord,* 284 B.R. 179, 180 (Bankr.D.Mass.2002); *Ross v. Missouri Division of Employment Security,* 104 B.R. 171, 172 (E.D.Mo.1989). Where a party has a valid right of recoupment, that right is unaffected by the debtor's discharge. *Aetna U.S. Healthcare, Inc. v. Madigan (In re Madigan),* 270 B.R. 749, 754 (9th Cir. BAP 2001) ("Since recoupment is neither a claim nor a debt, it is unaffected by either the automatic stay or the debtor's discharge."); *In re Jones* 289 B.R. 188, 191 (Bankr.M.D.Fla. 2002) ("Since right of recoupment is not a claim and its potential assertion is not a debt, the right is unaffected by a discharge in bankruptcy which operates as an injunction against actions to collect any debt discharged."). Recoupment allows one party to a transaction to withhold funds due to another party sufficient to recover an obligation owed by that other party and which arises from the same transaction. *See Madigan,* 270 B.R. at 753–54; *In re Adamic,* 291 B.R. 175, 181 (Bankr.D.Colo. 2003).

■■■ In this case, there is no dispute that the City owes an obligation to Mr.

Gonzales based upon his claim for workers' compensation benefits. The City, in turn, alleges that Mr. Gonzales owes it an obligation based upon an overpayment of benefits.[1] Thus, so long as the obligation alleged to be owed by Mr. Gonzales arises from the same transaction as the workers' compensation claim that Mr. Gonzales has against the City, then the doctrine of recoupment applies.

In some cases, the determination of whether obligations arise from the same transaction can be complex and differences appear in the reported decisions as to how broadly or narrowly the courts are permitted to interpret that "same transaction" language. *See, e.g., Madigan,* 270 B.R. at 755 (applies "logical relationship test" such that "obligations [must] be sufficiently interconnected so that it would be unjust to insist that one party fulfill its obligation without requiring the same of the other party"); *Anes v. Dehart (In re Anes),* 195 F.3d 177, 182 (3rd Cir.1999) ("For the purposes of recoupment, a mere logical relationship is not enough: the 'fact that the same two parties are involved, and that a similar subject matter gave rise to both claims, ... does not mean that the two arose from the "same transaction"'. Rather, both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations. Use of this stricter standard for delineating the bounds of a transaction in the context of recoupment is in accord with the principle that this doctrine, as a non-statutory, equitable exception to the automatic stay, should be narrowly construed.")

In this case, a determination of whether the "same transaction" test is met is not a matter that requires any heavy lifting. Consequently, for the purposes of this decision, the Court does not adopt any one of the competing standards for making that determination. Suffice it to say that the Court finds, under even the strictest most narrow standard, the reciprocal obligations between the City and Mr. Gonzales did arise from the "same transaction."

It is clear that Mr. Gonzales' workers' compensation claim is a single integrated transaction which has generated both the City's obligation to pay benefits and the alleged overpayment. Where the requirements of the statute are met, it is unlawful for a workers' compensation recipient to retain an overpayment of benefits. Consequently, the Court finds that it would be inequitable not to allow the City to pursue that remedy. The Court finds, therefore, that the "same transaction" test has been satisfied in this case and administrative action which the City wishes to pursue in order to obtain a final determination of that overpayment obligation is nothing more than the City's lawful exercise of its right of recoupment and does not violate the discharge injunction of 11 U.S.C. § 524.

Debtor argues that the City's assertion of its right of recoupment is merely a thinly veiled attempt to collect the Debtor's obligation to Sun Life of Canada, the City's long term disability carrier. According to Debtor's argument, Debtor was not entitled to receive payments from Sun Life and he owes a debt to it for that improper payment. Since Sun Life did not contest the dischargeability of that debt, it has now been discharged. Therefore, says the Debtor, what the City is really doing is

---

1. The determination of whether or not Mr. Gonzales has received an overpayment of benefits is not an issue that is before this Court. That question will be decided in the pending administrative proceeding.

acting as Sun Life's agent to collect that discharged debt.

The Court doesn't think so. Any right that the City has to withhold benefits emanates from the workers' compensation statute and has no connection whatever to any claim that Sun Life may have asserted. Under the statute, it simply does not matter whether Mr. Gonzales was entitled to receive those payments from Sun Life or whether he received them in error. Regardless of any claim that Sun Life may have had against Mr. Gonzales and regardless of whatever the relationship may be between the City and Sun Life, the City has a completely independent right of recoupment whenever the requirements of the statute are met. Whatever error Sun Life may have made in making a benefit payment to Mr. Gonzales is quite irrelevant to the rights that the City wishes to pursue.

Finally, the Court is not unmindful of the unfortunate reality that Mr. Gonzales suffers from a severe disability resulting from injuries sustained as an employee of the City of Fort Collins. However, the Court is bound by oath and clear legal precedent to permit the City, under the circumstances presented here, to exercise the rights granted to it under Colorado law.

In accordance with the above discussion, it is

**ORDERED** that the City of Fort Collins is hereby permitted to pursue a determination of whether or not the Debtor received an overpayment of workers' compensation benefits prior to March 28, 2003, the petition date herein, and to recoup any such overpayment in accordance with the provisions of Colo.Rev.Stat. §§ 8–42–113.5(1)(a) & (b) and the Court hereby declares that such action does not constitute a violation of the discharge injunction of 11 U.S.C. § 524; and it is further

**ORDERED** that the City of Fort Collins is hereby prohibited under 11 U.S.C. § 524 from collecting any such overpayment of workers' compensation benefits from the Debtor by way of an order for repayment under Colo.Rev.Stat. § 8–42–113.5(1)(c).