COVINGTON, Judge.
This is a consolidated appeal filed by Checkers Drive-In Restaurants, Inc. concerning a final judgment after remand as well as a summary final judgment entered in favor of Tampa Checkmate Food Services, Inc. Because we conclude that the trial court did not commit reversible error, we affirm the judgments.
On November 2, 1994, Checkers, an operator and franchisor of double drive-through fast food restaurants, and Tampa Checkmate, a former Checkers franchisee, executed a franchise agreement, a promissory note, a mortgage, and other documents related to the purchase and sale of a Checkers restaurant. Robert Gagne, the sole shareholder of Tampa Checkmate, also signed a personal guarantee for the note, mortgage, and franchise agreement as part of the same transaction. In June 1995 Checkers sued Tampa Checkmate, as well as Gagne, on the note and mortgage. Checkers asserted that Tampa Checkmate had defaulted on the loan as well as its franchise agreement and that both Checkmate and Gagne were indebted to Checkers for the sums owed.
Tampa Checkmate filed an answer in which it asserted a number of counterclaims. In essence, Tampa Checkmate submitted that Checkers had fraudulently induced it to enter into the agreement. Checkers alleged a number of affirmative defenses to the counterclaims, including its right to offset the amounts found due and owing.
On July 15, 1997, Tampa Checkmate filed a Chapter 11 bankruptcy petition that was converted into a Chapter 7 proceeding on December 15, 1998. Despite the pen-dency of the bankruptcy proceeding, the matter of Tampa Checkmate’s counterclaims was tried to a jury in August 1999. The jury found that Checkers had fraudulently induced Tampa Checkmate and its sole shareholder, Robert Gagne, into en *1082 tering into the franchise agreement. The jury awarded total damages of $453,990. On appeal, this court affirmed in part the judgments, remanding for a recalculation of the prejudgment interest from the date of the verdict.
On remand Tampa Checkmate filed a motion for summary judgment as to Checkers’ setoff and recoupment affirmative defenses. Tampa Checkmate submitted that the summary judgment motion was appropriately before the trial court. It relied on the fact that the bankruptcy court permitted the parties to proceed in either court and because the bankruptcy court had already stated its preference that the setoff and recoupment matters— including whether the doctrines of collateral estoppel or res judicata apply — be resolved in the state court. Tampa Checkmate argued that because Checkers chose not to present its affirmative defenses of setoff and recoupment to the jury, it was now estopped from doing so. In response, Checkers relied primarily on a May 23, 2001, bankruptcy court order that Checkers contends permitted Checkers to setoff and recoup the amounts remaining due on the note. Checkers also argued that because of Tampa Checkmate’s bankruptcy filing, and the resulting impact of the automatic stay, it was not given a fair opportunity to fully litigate its claims.
We begin by noting that a claim for recoupment is not barred by the bankruptcy automatic stay. Holford v. Powers, 896 F.2d 176, 179 (5th Cir.1990). Thus, if the claim at issue is considered one for recoupment, Checkers could have presented that defense in the earlier litigation without having to first seek relief from the bankruptcy automatic stay. In order to be considered a claim for recoupment, the transactions must be so closely intertwined that the debtor’s claim cannot be resolved without the creditor’s claim. In re Chapman, 265 B.R. 796, 807 (Bankr.N.D.Ill. 2001). While recoupment relates to a claim that arises out of the same transaction as the plaintiffs claim, setoff relates to a claim that arises from a transaction independent from the plaintiffs claim. In re Graves, 234 B.R. 149, 150 (Bankr.M.D.Fla.1999).
The claim before us does indeed arise out of the same contract or transaction that forms the basis of the original contract. Tampa Checkmate executed the note at the same time that it executed the franchise agreement. Checkers concedes that its loan to Tampa Checkmate was part of an “integrated transaction” which included the franchise agreement. Accordingly, we conclude that Checkers’ note-related claim was in the nature of recoupment.
It is not up to this court to speculate why Checkers chose not to expressly submit its affirmative defenses to the jury. A review of the trial record nevertheless reveals that Tampa Checkmate’s obligation on the note was squarely before the jury in its determination of the damages Checkers owed to Tampa Checkmate and Gagne. For instance, Checkers introduced the note into evidence and established how much remained due and owing on the note and personal guaranty — $1,215,547.34. In addition, Tampa Checkmate’s expert witness testified that he reduced Tampa Checkmate’s damages by the amounts Tampa Checkmate owed on the note. Finally, the jury verdict form provided the jury with the opportunity to award Checkers damages in the amount of $1,215,547.23 if they found that Checkers had not fraudulently induced Gagne into entering the unconditional guaranty.
We have reviewed the bankruptcy court’s orders of March 16, 2001, and of May 23, 2001, as well as the transcript of the May 14, 2001, bankruptcy court hearing. We do not agree with Checkers’ interpretation of these orders. A review of *1083 all three items, in toto, reveals that the bankruptcy court specifically deferred to the state court to determine whether any amounts were due under the note. As the bankruptcy court recognized, “There may be issues of collateral estoppel or res judi-cata and it seems to me that the State Court’s in the best position to make those determinations.”
Indeed, the state court did make those determinations and concluded that Checkers was estopped from proceeding on its claims. Even though the trial court’s ruling addressed both recoupment and setoff issues and we have determined that the claim is one only in recoupment and not setoff, we affirm the trial court. When faced with a decision to uphold or overturn a lower court’s judgment, an appellate court must affirm the judgment if it is legally correct regardless of the reasons given by the trial court. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999).
For the reasons stated herein, the summary final judgment and the amended final judgment after remand are affirmed.
SALCINES and KELLY, JJ„ Concur.